(No. 75-CV-273—)

ROBERT W. MOUNTSIER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 2, 1975.*

ROBERT W. MOUNTSIER, Claimant Pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on March 4, 1974, at the Park Shore Apartments, St. Charles, Kane County. Robert W. Mountsier, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereinafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Robert W. Mountsier, age 24, 1000 Geneva Road, Apt. 2D, St. Charles, Kane County, Illinois, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on August 17, 1974, the claimant was cut on the hand during a struggle to protect his girlfriend from a would-be molester, Kenneth Taylor, age 25, 1621 Riverside Avenue, St. Charles, Illinois.

3. That statements taken by the police investigators shortly after the crime was committed present no

evidence of any provocation by the claimant for the attack upon him. The claimant initiated the fight only to protect his girlfriend, "as would be expected of a reasonable man under the circumstances." [§2(3)(2) of the Act.]

4. That the victim sustained numerous injuries to his hand for which he received emergency first aid treatment at Delnor Hospital, St. Charles, Illinois, and for which he later received outpatient treatments and corrective surgery. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant, Kenneth Paul Taylor, was convicted of Aggravated Battery in the 16th Judicial Court, Kane County, Illinois. He presently is serving a ten-year sentence for this crime as well as numerous other crimes. (Indictment #74-CF-8194).

6. That there is no evidence that the victim and his assailant were related or were sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the claimant did not miss any work as a result of his injuries. He does not claim compensation for loss of earnings.

9. That the claimant incurred medical and hospital expenses which were not, and will not be reimbursed by any insurance or disability benefits. The gross amount of the pecuniary loss for these items is as follows:

Hospitals:

| | |
|---|---:|
| (Welnor and Community Hospitals) | $ 537.45 |
| Ambulance | 40.00 |
| Radiology | 11.00 |
| Doctors | 304.00 |
| Total Medical Expense | $ 892.45 |

10. That, in determining the amount of compensation to which a claimant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant. . .)."

That in the claim before us, the claimant received no benefits whatsoever from other sources that may be deducted from his loss, as contemplated by §7(d) of the Act. Therefore, after the statutory deduction of $200 is deducted from the gross amount of loss ($892.45) as calculated in ¶8 and ¶9, an amount of compensable loss sustained by the claimant of $692.45 is left.

IT IS HEREBY ORDERED that the sum of $692.45 be awared to the claimant, an innocent victim of a violent crime.